**In the Matter of James KNAPP.**

**No. C9–84–801.**

Court of Appeals of Minnesota.

July 10, 1984.

Gerald Chester, Minneapolis, for appellant.

Thomas Johnson, Hennepin County Atty., LaRae Bradley, Staff Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Knapp appeals the order of the trial court finding him mentally ill and committing him to Anoka State Hospital. We affirm.

## FACTS

A restraining order against appellant was issued in October 1983 to keep him away from his parents' home. Nonetheless, Knapp repeatedly returned to the family home, causing his parents fear and anxiety and requiring the intervention of police and Knapp's uncle. In February 1984, when Knapp's uncle, Jerome Gewecke, was asked to remove appellant, Knapp threatened Gewecke and struck him, breaking his glasses. On March 14, 1984, Knapp admitted himself to the Crisis Intervention Center. He was malnourished and had frostbitten feet.

A petition for commitment was filed on March 20, 1984, and trial was held on April 3, 1984. Appeal was taken on May 4, 1984, from an order for commitment dated April 3, 1984.

The trial court found that Knapp suffered from schizophrenia, that he had recently threatened others, and that treatment at Anoka State Hospital was needed. Less restrictive alternatives were rejected because of Knapp's refusal to accept regulation.

## ISSUE

Whether the trial court properly committed Knapp to Anoka State Hospital as mentally ill.

## ANALYSIS

Minn.Stat. § 253B.09, subd. 1 (1982) provides that:

> If the court finds by clear and convincing evidence that the proposed patient is a mentally ill ... person and ... it finds that there is no suitable alternative to judicial commitment, the court shall commit the patient to the least restrictive treatment facility which can meet the patient's treatment needs[.]

The definition of "mentally ill person" is found in Minn.Stat. § 253B.02, subd. 13 (Supp.1983).

> "Mentally ill person" means any person who has an organic disorder of the brain or a psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which (a) is manifested by instances of grossly disturbed behavior or faulty perception; and (b) poses a substantial likelihood of physical harm to himself or others as demonstrated by (i) a recent attempt or threat to physically harm himself or others, or (ii) a failure to provide necessary food, clothing, shelter or medical care for himself, as a result of the impairment.

Knapp argues that he was not shown to be mentally ill and that the trial court failed to commit him to the Bill Kelly House, a community based treatment facility less restrictive than Anoka State Hospital.

Both Mourits Sorensen, the court appointed examiner, and James Jacobson, the examiner appointed at Knapp's request, diagnosed Knapp as suffering from chronic schizophrenia. Dr. Jacobson further noted Knapp's paranoid ideation, his extreme difficulty relating to people and the chance of injury to others if Knapp was confronted. The trial court found that Knapp had recently threatened to harm others, including his parents. The evidence shows that Knapp had struck his uncle and that his hostility toward other patients and the

staff at Hennepin County Medical Center required his transfer to a locked ward. The evidence also shows Knapp did not take care of himself.

Although the statute requires only a showing of a recent attempt or threat of harm *or* a failure to provide necessities, the evidence supports a finding of likely physical harm on both bases. Knapp lived in his car, was malnourished when admitted to the Crisis Intervention Center, had frostbite and was not taking prescribed medications. His failure to provide food, shelter and proper medical care for himself supports the trial court's conclusion that Knapp is mentally ill, as defined by Minn. Stat. § 253B.02, subd. 13 (Supp.1983).

Appellant argues that the trial court erred in refusing to commit Knapp to the Hennepin County Medical Center while awaiting admission to the Bill Kelly House. However, appellant overlooks the evidence in support of commitment to Anoka State Hospital. For example, Knapp had missed appointments to discuss admission to the Bill Kelly House and the Hennepin County Medical Center staff had expressed an unwillingness to continue treating Knapp after trial because of his propensity not to follow medical advice. Also, the trial court noted on the record, there was little chance of obtaining admission to the Bill Kelly program for at least five weeks. Both Vennes, the psychiatric social worker, and Sorenson recommended commitment to Anoka State Hospital. Sorenson testified that Knapp was incapable of making a decision for voluntary commitment. Gewecke told the court that Knapp had refused to take his medications after release from treatment on prior occasions. The evidence supports the conclusion of the trial court that Knapp is currently unsuited to alternatives less restrictive than commitment to Anoka State Hospital.

### DECISION

The trial court found, by clear and convincing evidence, that Knapp is mentally ill and that there was no suitable alternative to commitment. The trial court properly committed Knapp to Anoka State Hospital.

AFFIRMED.